IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joel M. Polk,                        :
                    Petitioner       :
                                     :
          v.                         :
                                     :
Pennsylvania Parole Board,           :   No. 167 C.D. 2024
                    Respondent       :   Submitted: November 7, 2024


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED:  December 10, 2024


          Joel M. Polk (Polk) petitions this Court for review of the Pennsylvania
Parole Board's (Board) January 31, 2024 decision denying his request for
administrative relief and affirming the Board's decision recorded September 18,
2023 (mailed September 25, 2023) that recommitted him as a convicted parole
violator (CPV) and recalculated his maximum sentence release date to July 31, 2025.
Polk presents one issue for this Court's review: whether the Board failed to give him
credit for all time served exclusively pursuant to the Board's warrant or while
incarcerated.  After review, this Court affirms.

          Polk is currently incarcerated at the State Correctional Institution at
Mahanoy.[1]  On July 10, 2014, Polk pleaded guilty to robbery for which the
Philadelphia County Common Pleas Court (Philadelphia Common Pleas) sentenced

---

[1] *See* https://inmatelocator.cor.pa.gov/#/Result (last visited Dec. 9, 2024).

him to 3 to 10 years of incarceration (Original Sentence). *See* Certified Record (C.R.) at 1. At that time, his Original Sentence maximum release date was June 27, 2022. *See id.* Relevant to the instant appeal, on December 10, 2020, Polk was automatically reparoled no later than March 25, 2021. *See* C.R. at 52. At that time, Polk's Original Sentence maximum release date was June 15, 2023. *See id.* On March 25, 2021, the Board released Polk on parole. *See* C.R. at 55.

On July 2, 2021, the Philadelphia Police Department arrested Polk for two counts of murder in the third degree, one count of possession of a prohibited firearm, two firearms charges, and three counts of possession of an instrument of crime (New Charges). *See* C.R. at 69. That same day, the Board issued a warrant to commit and detain Polk. *See* C.R. at 63. On July 3, 2021, Philadelphia Common Pleas denied Polk bail. *See* C.R. at 98. On August 3, 2021, the Board recommitted Polk as a technical parole violator (TPV) and sentenced him to serve nine months of backtime[2] on his Original Sentence. *See* C.R. at 66. The Board also recalculated Polk's Original Sentence maximum release date to September 15, 2023. *See* C.R. at 67.

On March 1, 2023, Philadelphia Common Pleas convicted Polk of the New Charges. *See* C.R. at 69. On May 12, 2023, Philadelphia Common Pleas sentenced Polk to 20 to 40 years of incarceration on one third-degree murder count and to life imprisonment on the second third-degree murder count.[3] *See* C.R. at 90. The Board held a parole revocation hearing on August 1, 2023. *See id.* By decision recorded September 18, 2023 (mailed September 25, 2023), the Board recommitted Polk as a CPV and recalculated his Original Sentence maximum release date to July 31, 2025. *See* C.R. at 140.

---

[2] "Backtime" is defined as "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code § 61.1.

[3] Polk is currently appealing his life sentence in a separate action. *See* C.R. at 90.

On October 4, 2023, Polk filed a request for administrative relief. *See* C.R. at 144. On October 19, 2023, Polk's counsel (Counsel) filed an Administrative Remedies Form on Polk's behalf.[4] *See* C.R. at 146. On January 31, 2024, the Board denied Polk's request for administrative relief and affirmed the Board's decision recorded September 18, 2023 (mailed September 25, 2023). *See* C.R. at 148. On February 27, 2024, Polk appealed to this Court.[5]

Polk argues that the Board failed to give him credit for all time he served exclusively pursuant to the Board's warrant or while he was incarcerated. Specifically, Polk contends that, according to the Board's August 3, 2023 Order to Recommit, when the Board recommitted him as a TPV, he owed "805" days of backtime. C.R. at 64. However, Polk asserts that, according to the Board's September 18, 2023 Order to Recommit, Polk owed "811" days of backtime. C.R. at 140. Polk claims that because the Board had previously added 92 days of delinquency to the backtime he owed, and awarded him 1 day of backtime credit in the Board's September 18, 2023 Order to Recommit, he owes 804 days of backtime.

Polk does not argue that the Board incorrectly miscalculated his backtime by including or excluding days based on applicable statutes, nor does Polk cite any legal analysis to support his position. Rather, Polk relies solely upon the days as reported on the Board's recommitment orders to declare that he is entitled to an additional seven days of backtime credit. A review of the Board's August 3, 2023 Order to Recommit reveals that the Board's calculation of Polk's days owed in backtime was based on an incorrect "Parole/Reparole" date of "4/1/2021." C.R. at

---

[4] Counsel represented Polk from that point forward.

[5] This Court's "review is limited to determining whether constitutional rights were violated, whether the decision was in accordance with law, or whether the necessary findings of fact were supported by substantial evidence." *White v. Pa. Parole Bd.*, 276 A.3d 1247, 1255 n.7 (Pa. Cmwlth. 2022).

3

Contrarily, a review of the Board's September 18, 2023 Order to Recommit, reveals that the Board's calculation of Polk's backtime days owed was based on a "Parole/Reparole" date of "3/25/2021." C.R. at 64. Because March 25, 2021, is the correct date that Polk was released on parole, and the Board's use of that date resulted in 811 days of backtime owed, the Board properly awarded him credit for all time served exclusively pursuant to the Board's warrant or while incarcerated.

For all of the above reasons, the Board's decision is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joel M. Polk,                  :
           Petitioner      :
                          :
        v.                  :
                          :
Pennsylvania Parole Board,    :    No. 167 C.D. 2024
           Respondent    :

## O R D E R

AND NOW, this 10th day of December, 2024, the Pennsylvania Parole Board's January 31, 2024 decision is affirmed.

_____
ANNE E. COVEY, Judge